by the automobile driven by plaintiff's husband.

For the reasons assigned, the judgment of the Court of Appeal and the judgment of the First City Court of New Orleans which it affirmed are annulled, and it is now ordered that there be judgment in favor of the defendant, Charles Dennery, Inc., and against plaintiff, Mrs. Virginia Culotta Kientz, dismissing plaintiff's suit at her cost.

24 So.2d 295

**PERFECTION MATTRESS & SPRING CO.
v. SLIMAN et al.**

No. 36470.

Dec. 10, 1945.

R. A. Fraser, of Many, for plaintiff and appellant.

J. Reuel Boone, of Many, for defendant and appellee.

PONDER, Justice.

The plaintiff, Perfection Mattress and Spring Company of Birmingham, Alabama, brought suit against Dick Sliman, Sr., and Dick Sliman, Jr., in solido, in the Parish of Sabine for the sum of $2,675.68, with interest and attorney's fees, alleged to be due for furniture and merchandise sold to the defendants during the year 1940. On trial, the lower court gave judgment in favor of the plaintiff and against Dick Sliman, Jr., for the amount claimed and rejected the plaintiff's demand insofar as Dick Sliman, Sr., was concerned. The plaintiff has appealed from the judgment rejecting its demand against Dick Sliman, Sr. The case has been submitted on briefs for our consideration.

Dick Sliman, Jr., opened a furniture store in the Town of Many in May, 1940, under the name of "Dick Sliman, Jr., Furniture.

Store." During the month of May, 1940, he purchased from the plaintiff furniture and merchandise on credit. Sometime thereafter, the Dick Sliman, Jr., Furniture Store became insolvent. Negotiations were carried on with the view of having Dick Sliman, Sr., assume the obligations of the furniture store and continue it as a going concern. However, these negotiations fell through because some of the creditors would not agree to such an arrangement. The plaintiff then instituted this suit.

■ The plaintiff contends that the credit for the furniture was extended to both Dick Sliman, Jr., and Dick Sliman, Sr.

The preponderance of the testimony in the record shows that the furniture was sold to Dick Sliman, Jr., and the credit was extended to him. The correspondence and documentary evidence in this record conclusively show that the credit was extended to Dick Sliman, Jr., and not Dick Sliman, Sr. All transactions with the plaintiff were carried on in the name of Dick Sliman, Jr. The written orders for the furniture were signed by him as the customer. The shipments were made and the invoices were billed to Dick Sliman, Jr. The account was carried on the plaintiff's books in his name, and the notes representing the unpaid portion of the purchase price were signed by him alone. There are letters in the record signed by agents of the plaintiff company indicating that the credit was extended to Dick Sliman, Jr.

Without going into a detailed description of the various instruments filed herein or a lengthy discussion of the testimony, it is sufficient to say that the evidence does

not support the plaintiff's contention insofar as Dick Sliman, Sr., is concerned.

■ The fact that Dick Sliman, Sr., expressed a willingness to assume the indebtedness of his son and continue the furniture store as a going concern does not, in our opinion, change the situation for the reason that such an arrangement fell through because some of the creditors would not agree to it.

The plaintiff's agents participated in these negotiations with the view of having Dick Sliman, Sr., assume his son's obligations to the plaintiff company, which, in our opinion, indicates that they did not, at that time, consider him primarily bound.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.